UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
TATIYANA SHEVCHUK, on behalf of herself and
all other similarly situated consumers,

                                Plaintiff,

           -against-                       **MEMORANDUM & ORDER**
                                                           18-CV-00894 (PKC) (JO)
ADVANCED CALL CENTER TECHNOLOGIES,
LLC,

                                Defendant.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On February 9, 2018, Plaintiff Tatiyana Shevchuk filed the instant action against Defendant Advanced Call Center Technologies, LLC, as a putative class action, alleging abusive, deceptive, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Pending before the Court is Defendant's motion to dismiss the complaint in its entirety. For the reasons stated below, Defendant's motion to dismiss is granted.

## BACKGROUND

Defendant sent a debt collection letter ("Letter"), dated June 19, 2017, on behalf of Synchrony Bank to Plaintiff, which listed an outstanding "Total Account Balance" of "$5,938.00" and stated that

> Synchrony Bank may continue to add interest and fees as provided in your agreement. If you pay the balance shown above, an additional payment may be necessary to pay your account balance in full. Because of interest, late charges, or charges that may vary from day to day, the amount due on the day you pay may differ.

(Letter, Dkt. 1-2, at 1; *see also* Complaint, Dkt. 1, at ¶¶ 10–12.)

On February 9, 2018, Plaintiff filed her complaint, on behalf of herself and a putative class of similarly situated consumers, alleging that the Letter violates Sections 1692(g)(a)(1) and 1692(e) of the FDCPA because it failed to adequately inform Plaintiff of the amount of her debt by omitting information about the interest rate, any charges that could cause the balance to increase, and what she would need to pay to resolve the debt at any given moment in the future. (Complaint, at ¶¶ 13–19, 27 (citing 15 U.S.C. §§ 1692(g)(a)(1), 1692(e)).) Defendant filed the instant motion to dismiss on October 19, 2018, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. (Dkt. 21.) Plaintiff filed an untimely opposition brief on October 21, 2018,[1] and Defendant filed its reply on October 19, 2018. (Dkts. 22 & 23.)

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] The Court ordered all briefs to be filed by October 19, 2018, and Plaintiff filed hers late, on October 21, 2018. (*See* Sept. 14, 2018 Order; Plaintiff's Opposition Brief ("Pl.'s Opp. Br."), Dkt. 23.) Although Plaintiff filed an untimely 28-page opposition brief, which exceeds the page limit set forth in Rule 3(B) of the Court's Individual Practices and Rules (*see generally*, Pl.'s Opp. Br.), the Court nonetheless considers Plaintiff's arguments on the merits. Plaintiff also presented arguments opposing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). (*See id.* at 4–5.) Because Defendant did not make such a motion, but rather, confined its motion and arguments to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court does not conduct a review of the instant motion under Fed. R. Civ. P. 12(c).

for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

Though courts are usually confined "to the facts asserted within the four corners of the complaint," they may consider any "documents attached to the complaint, or to documents incorporated within the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

## DISCUSSION

The FDCPA is "remedial in nature, [so] its terms must be construed in [a] liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (quoting *N.C. Freed Co. v. Bd. of Governors of Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973)). To prevail on an FDCPA claim, three requirements must be met: "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, . . . (2) the defendant collecting the debt [must be] considered a 'debt collector,' and (3) the defendant [must] ha[ve] engaged in [an] act or omission

in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (quotation omitted).

At issue in this case is the third requirement. "In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomson v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomson,* 988 F.2d at 1319). However, "[e]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Wyler v. Comput. Credit, Inc.*, No. 04-CV-2762 (CLP), 2006 WL 2299413, at *2 (E.D.N.Y. Mar. 2, 2006).

I.  **Plaintiff's claims under FDCPA §§ 1692(g) and 1692(e)**

The FDCPA requires that a debt collector state the amount of the debt. 15 U.S.C. § 1692(g)(a)(1). It also "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Avila*, 817 F.3d at 76; *see also id.* at 77 (providing "safe harbor" language that a debt collector could use to ensure "it will have discharged its duty [under the FDCPA] as a matter of law"). This requirement ensures that a debt collection letter is not "false, misleading, or deceptive," as prohibited by § 1692(e). *See id.* ("We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.").

4

Defendant's Letter satisfies the requirements of both §§ 1692(g) and 1692(e). It states that the "Total Account Balance [is] $5,938.00." (Letter at 1.) It also states that

> Synchrony Bank may continue to add interest and fees as provided in your agreement. If you pay the balance shown above, an additional payment may be necessary to pay your account balance in full. Because of interest, late charges, or charges that may vary from day to day, the amount due on the day you pay may differ.

(*Id.*) Though not the exact "safe harbor" language identified in *Avila*, this language is consistent with *Avila*'s holding that debt collectors need to "disclose that [Plaintiff's] balance may increase due to interest and fees." *Avila*, 817 F.3d at 76; *see also id.* at 77 ("[W]e do not hold that a debt collector must use any particular disclaimer.").

Plaintiff claims that Defendant's Letter nonetheless violates § 1692(g) and § 1692(e) because it does not provide specific information about how Plaintiff's debt will increase in the future. Plaintiff argues that "[a]s held in *Carlin* [*v. Davidson Fink, LLP*], the 'Current Balance' provided to [Plaintiff] was INCOMPLETE as it omitted information which would have allowed [Plaintiff] to determine the 'Current Balance' on a specific date." (Pl.'s Opp. Br., at 10.) Plaintiff relies heavily on this language in *Carlin* to support her argument:

> [A] statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.

852 F.3d 207, 216 (2d Cir. 2017).

This reliance on *Carlin* is misplaced. *See Kolbasyuk v. Capital Mgmt. Servs., LP*, No. 18-1260-CV, 2019 WL 1119191, at *3 (2d Cir. Mar. 12, 2019) (noting that in relying on this specific excerpt from *Carlin* to argue that a debt collection letter is incomplete, "[plaintiff] has taken that

language out of context."). It is true that, "[t]aken in isolation, this language [from *Carlin*] misleadingly suggest[s] a requirement of exhaustive disclosure." *Taubenfliegel v. EGS Fin. Care, Inc.*, No. 18-CV-1962 (ARR) (JO), 2018 WL 3079697, at *3 (E.D.N.Y. June 21, 2018) (quotations and citation omitted). However, the Second Circuit's recent decision in *Kolbasyuk v. Capital Management Services, LP*, No. 18-1260-CV, 2019 WL 1119191 (2d Cir. Mar. 12, 2019), expressly rejects this interpretation of *Carlin*: "a debt collection letter that informs the consumer of the total, present quantity of his or her debt satisfies Section 1692g, notwithstanding its failure to inform the consumer of the debt's constituent components or the precise rates by which it might later increase."[2] 2019 WL 1119191, at *3; *see also id.* at *4 ("[T]o the extent that [Plaintiff] attempts to state a claim under Section 1692e based on [Defendant's] failure to provide [her] with a precise breakdown of [her] debt or to inform [her] of the precise interest [she] might incur going forward, [we] reject that claim too.").[3] "[W]here, as here, the debt collector has *already* informed the

---

[2] In their motion to dismiss briefing, conducted before the Second Circuit issued its decision in *Kolbasyuk*, the parties referenced a disagreement among courts in this Circuit as to whether *Carlin* requires more exhaustive disclosures. (*See* Pl.'s Opp. Br., at 22–26; Plaintiff's Reply Memorandum, Dkt. 22, at 2–3, 5.) The Court finds that the Second Circuit's decision in *Kolbasyuk* resolves that disagreement. *See Kolbasyuk*, 2019 WL 1119191, at * 3.

[3] In *Kolbasyuk*, the language in the debt collection letter "identically tracks" the *Avila* safe harbor language. *Kolbasyuk*, 2019 WL 1119191, at *4. Though the language at issue in the instant case does not use this exact safe harbor language, as discussed *supra*, Defendant's language that "Synchrony Bank *may continue* to add interest and fees," (Letter at 1) (emphasis added), complies with *Avila* and satisfies the standard articulated in *Kolbasyuk*, thus relieving Defendant of any additional obligation to inform the consumer about how the amount might increase in the future. *See Kolbasyuk*, 2019 WL 1119191, at * 4 (holding that where a defendant-debt collector "has provided [the plaintiff] with the total, present quantity of his debt and informed him that this amount might increase due to additional fees and interest," "[a] failure to provide the additional detailed disclosures . . . does not transform [the] otherwise-straightforward letter into a 'false, deceptive, or misleading' one").

consumer of the minimum amount she owes at the time of the notice, *Carlin* simply lacks relevance." *Id.* (emphasis in original) (internal quotations and citation omitted). Therefore, Defendant's failure to provide the additional information suggested in *Carlin* does not violate § 1692(g) or § 1692(e).

Plaintiff's argument to the contrary notwithstanding, this interpretation of *Carlin* is also consistent with *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018). Plaintiff argues that the Second Circuit in *Taylor* affirmed that *Carlin* required more exhaustive disclosures to avoid FDCPA liability. (*See* Pl.'s Opp. Br., at 16–17.) This is not *Taylor*'s holding. In *Taylor*, the Second Circuit held that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." *Taylor*, 886 F.3d at 215. Though *Taylor* does affirmatively cite to *Carlin*, *see id.*, it does so to explain the relationship between § 1692(g) and § 1692(e). *See id.* ("Contrary to [the plaintiffs'] objection [that the holding conflicts with *Carlin*], our decision today reads Sections 1692e and 1692g in harmony."). *Taylor* does not cite to *Carlin* for the proposition that debt collectors must provide more specific information about how a debt might increase in the future in order to avoid liability under the FDCPA. *See Taubenfliegel,* 2018 WL 3079697, at *4 (noting that the *Taylor* panel "expressly rejected a requirement of exhaustive

disclosures" when it allowed a debt collector to escape FDCPA liability when its collection letter did not expressly (but accurately) state that a debt was not accruing interest).[4]

Defendant's Letter therefore does not violate either § 1692(g) or § 1692(e) of the FDCPA because it states the amount due, rather than an estimated amount, and complies with *Avila*'s requirement that "debt collectors, when they notify consumers of their account balance, [] disclose that the balance may increase due to interest and fees." 817 F.3d at 76.

## II. Plaintiff's claims under FDCPA § 1692(f)

Plaintiff argues in her opposition to Defendant's motion that the Letter also violates § 1692(f) of the FDCPA, which forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." (Pl.'s Opp. Br., at 17–19.) Plaintiff did not include this claim in her complaint. To the extent that she seeks leave to amend her complaint to include a § 1692(f) claim, the Court denies that request because such a claim would fail as a matter of law and amendment would therefore be futile. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile.").

Plaintiff argues that "it is certainly unfair and unconscionable for Defendant to send a Collection Letter [that] is open to more than one reasonable interpretation, at least one of which is inaccurate." (*Id.* at 17.) This is the same argument that Plaintiff relies on in support of her

---

[4] Furthermore, even assuming, *arguendo*, that *Taylor* did affirm the exhaustive disclosure interpretation of *Carlin*, the Second Circuit's recent decision in *Kolbasyuk* would necessarily qualify this statement in *Taylor*. Since the Court is "bound by the decisions of [all] prior panels until such time as they are overruled either by an *en banc* panel of our Court or by the Supreme Court," *Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 67 (2d Cir. 2009), it "must seek an understanding" of the Second Circuit's published opinions so that they can be "[r]ead in harmony," *U.S. v. Punn*, 737 F.3d 1, 11, 12 (2d Cir. 2013).

8

§§ 1692(g) and 1692(e) claims. As with these claims, however, Plaintiff's § 1692(f) argument has been expressly rejected by courts in this Circuit. "It is not unfair or unconscionable to inform plaintiff of the exact amount [s]he owes, [and] tell [her] that it may increase over time . . . ." *Taubenfliegel*, 2018 WL 3079697, at *4. Of course, it is also neither unfair nor unconscionable for a debt collector to comply with the Second Circuit's holding in *Avila*. *Cf. id.*; *Polak v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-1795 (MKB) (PK), 2018 WL 1189337, at *6 (E.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, No. 17-CV-1795 (MKB) (PK), 2018 WL 1187400 (E.D.N.Y. Mar. 6, 2018) ("Even a communication that is false, deceptive or misleading under Section 1692e might not constitute 'unfair or unconscionable means' under Section 1692f.") (internal quotations and citation omitted).

## CONCLUSION

For the reasons discussed above, the Court grants Defendant's motion to dismiss in its entirety. In addition, to the extent Plaintiff seeks leave to amend her complaint to add a claim under § 1692(f), the Court denies her that leave. Plaintiff's complaint is dismissed in its entirety. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2019
      Brooklyn, New York